UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY DONNELL KING,<br><br>            Plaintiff,<br><br>      v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS, et al.,<br><br>            Defendants. | CV F- 03-6182 AWI DLB P<br><br>FINDINGS AND<br>RECOMMENDATION<br>RECOMMENDING THAT ACTION<br>PROCEED ON RETALIATION<br>CLAIM ONLY |

   Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983.  Pending before the Court is the amended complaint.

   The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

In the instant case, plaintiff brings action against the following: correctional officer Yale, correctional sergeant Marmolejo, correctional lieutenant Rousseau, correctional lieutenant Mazon, correctional captain Andrews, associate warden Ortiz, correctional sergeant Indendi, correctional counselor Streiter, correctional officer Rojas, correctional lieutenant Seifert, psychiatric technicians Levine and Belardo, correctional sergeant Anderson, vocational nurse Sisk, Dr. Sanchez, M.D., correctional officer Gregory, correctional officer Vikjord, correctional officer Syra, correctional officer Castaneda, and correctional sergeant Martinez.  Plaintiff alleges that during his incarceration at Corcoran State Prison, he was subjected to retaliation, denial of due process, and excessive force.

I.  Retaliation Claim

Plaintiff alleges that on April 16, 2003, he was part of a group appeal challenging the Department of Corrections' "illegal practice of forced double-celling."  On May 5, 2003, plaintiff received a rule violation report for refusing to accept a cellmate.  Plaintiff alleges that defendants Yale and Marmolejo fabricated the rule violation report because plaintiff was a party to the group appeal challenging double-celling.  Defendant Rouseeau classified the rule violation report as a serious offense and referred it to a senior hearing officer.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989).  To establish a prima facie case, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose.  See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus between the alleged retaliation and plaintiff's protected activity (i.e., filing a legal action).  McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979); see Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977).  The prisoner must allege the existence of evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action.  Pratt, 65 F.3d at 806.  In the instant case, plaintiff alleges sufficient facts to state a cognizable

retaliation claim against defendants Yale, Marmolejo, and Rousseau.

III.  Due Process Claim

   Plaintiff brings action against correctional staff members based on the adjudication of prison disciplinary rule violation charges.  Plaintiff alleges that at a disciplinary hearing on May 26, 2003, defendant Mazon Alec would not provide staff assistance or allow him to present evidence on his behalf.  At the conclusion of the hearing, defendants Mazon Alec, Andrews, and Ortiz found plaintiff guilty of refusing to accept a cellmate.  Plaintiff was sentenced to 10 days loss of yard privileges and a 30-day forfeiture of time credit.

   Pursuant to the rule announced in Edwards v. Balisok, 520 U.S. 641 (1997), a claim challenging the procedural aspects of a prison disciplinary hearing is not cognizable under section 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the fact or length of plaintiff's confinement, unless the prisoner can demonstrate that the result of the disciplinary hearing has been previously invalidated.  See also Ramirez v. Galaza, 334 F.3d 850, 852 (9th Cir. 2003).  Plaintiff's allegations, if proven, would necessarily imply the invalidity of a disciplinary action that affects the length of his confinement, namely, the forfeiture of 30-days' time credit.  Therefore plaintiff's claim is not cognizable under § 1983 absent a demonstration that the prison disciplinary proceedings were previously invalidated or set aside.  Id.  Therefore, the Court finds that plaintiff's due process claim is not cognizable under § 1983 and must be dismissed.

V.  Excessive Force Claim

   Plaintiff alleges that on July 3, 2003, he began to hallucinate which caused him to place a sheet over his door.  After plaintiff failed to respond to numerous requests to take the sheet down from his cell door, defendant Sanchez gave the order to perform a cell extraction with the use of O.C. pepper spray.  Defendants Anderson, Seifert, Gregory, and Vikjord returned to plaintiff's cell to perform the cell extraction.  Defendant Seifert read a cell extraction admonishment to plaintiff and defendant Anderson opened the food port and removed the sheet from the door.  At that point, plaintiff contends there was no need to use the chemical agents.  Plaintiff alleges that defendant

Anderson then sprayed plaintiff and threw an OC expulsion "grenade" into plaintiff's cell.  Plaintiff alleges that defendants Mazon Alec, Syra, Sisk, Vikjord, Gregory, Castaneda, and Martinez did not prevent this use of force.

When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm.  Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)).  In determining whether the use of force was wanton and unnecessary, it is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response.  Hudson, 503 U.S. at 7.  The extent of a prisoner's injury is also a factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation.  Id.  Although an inmate need not have suffered serious injury to bring an excessive force claim against a prison official, "[not] every malevolent touch by a prison guard gives rise to a federal cause of action.  Hudson, 503 U.S. at 9.  "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Id. (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.)(cert. denied sub nom. Johnson, 414 U.S. 1033 (1973)).  The Eighth Amendment's prohibition on cruel and unusual punishments necessarily excludes from constitutional recognition de minimus uses of physical force. Id. at 9-10.

In the instant case, plaintiff alleges that he failed to respond to numerous orders to take the sheet down from his cell door.  Plaintiff admits that he heard and failed to respond to the cell extraction admonishment/warning just prior to the event.  Given plaintiff's failure to respond, much less cooperate with prison officials, the use of OC spray was hardly unprovoked, as plaintiff describes.  Moreover, plaintiff has not alleged that any physical force was used against him or that he suffered any injury.  Given these facts, the Court finds that plaintiff's allegations fail to rise to the level of an Eighth Amendment violation.

VI. Conclusion

In summary, the Court finds that plaintiff has alleged sufficient facts to state a cognizable retaliation claim against defendants Yale, Marmolejo, and Rousseau but he fails to state any other cognizable claims for relief.  The Court does not recommend that further leave to amend be granted in that plaintiff has already been granted leave to amend and was unable to cure the deficiencies in the due process and excessive force claims.  Accordingly, the court HEREBY RECOMMENDS that this action proceed only on retaliation claim against defendants Yale, Marmolejo, and Rousseau.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty (20) days after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: May 8, 2006                     /s/ Dennis L. Beck
3b142a                                 UNITED STATES MAGISTRATE JUDGE