# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY D. KING, | CASE NO. 1:03-CV-06182-AWI-DLB-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED AND THIS ACTION BE DISMISSED, WITHOUT PREJUDICE |
| v. | |
| CDC, et al., | |
| Defendants. | (Doc. 24) |
| / | OBJECTIONS DUE JUNE 20, 2007 |

I.  Findings and Recommendations - Defendants' Motion to Dismiss

   A.  Procedural History

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed November 3, 2003, against defendants Yale, Rousseau and Marmolejo("defendants"). Plaintiff alleges defendants retaliated against him for participating in a group appeal challenging the double celling of inmates.

On February 20, 2007, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendants filed a motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies. Plaintiff filed an opposition to the motion on March 30, 2007, and defendants filed a reply on April 9, 2007.[1]

   B.  Exhaustion Requirement

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on November 1, 2006. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

1    Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with
2 respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner
3 confined in any jail, prison, or other correctional facility until such administrative remedies as are
4 available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement
5 applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and
6 prisoners must complete the prison's administrative process, regardless of the relief sought by the
7 prisoner and regardless of the relief offered by the process, as long as the administrative process can
8 provide some sort of relief on the complaint stated, Booth v. Churner, 532 U.S. 731, 741 (2001).
9 Exhaustion of the prison's administrative process must occur prior to filing suit. McKinney v.
10 Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

11    Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative
12 defense under which defendants have the burden of raising and proving the absence of exhaustion.
13 Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial
14 administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion,
15 rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l
16 Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In
17 deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look
18 beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court
19 concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is
20 dismissal without prejudice. Id.

21    C.    Discussion

22    The California Department of Corrections has an administrative grievance system for
23 prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDC
24 Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first
25 formal level, second formal level, and third formal level, also known as the "Director's Level." Id.
26 at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed,
27 and the process is initiated by submission of the appeal to the informal level, or in some
28 circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c).

1   Defendants argue they are entitled to dismissal of this action because plaintiff failed to
2 exhaust his retaliation claim.  Defendants contend that plaintiff filed an untimely appeal at the third
3 level and filed the Complaint before he exhausted the prison administrative process.  Plaintiff
4 opposes defendants' motion on the ground that his screened out appeal demonstrates that he
5 exhausted. Plaintiff contends that screened out appeals may not be appealed and he could not move
6 forward with the process.
7   Defendants submit evidence that plaintiff submitted inmate appeal Log # COR 03-2584 on
8 May 5, 2003alleging that Officer Yale issued a rules violation in retaliation for his participation in
9 the group appeal.  Defendants' Motion to Dismiss, Exhibit "A."  The appeal was bypassed at the
10 informal level and denied at the first level in August 2003.  *Id.*  The appeal was denied at the second
11 level on October 22, 2003.  *Id.*  Plaintiff's appeal was returned to him on November 18, 2003 for his
12 failure to submit the appeal within 15 working days.  *Id.* at Exhibit "C."  On March 2, 2004, plaintiff
13 filed the appeal at the Director's Level, which was rejected as untimely.  *Id.*
14   At the time plaintiff filed his amended complaint, it was the law of this Circuit that
15 exhaustion occurred when an inmate's appeal was barred by the appeals coordinator on procedural
16 grounds and "no further level of appeal remained in the state prison's internal appeals process." Ngo
17 v. Woodford, 403 F.3d 620, 631 (9th Cir. 2005).  Subsequently, United States Supreme Court
18 reversed the Ninth Circuit's decision in Ngo and held that "*proper* exhaustion of administrative
19 remedies is necessary" and the exhaustion requirement may not be satisfied "by filing an untimely
20 or otherwise procedurally defective . . . appeal." Ngo v. Woodford, 126 S.Ct. 2378, 2382 (2006)
21 (emphasis added).  "Proper exhaustion demands compliance with an agency's deadlines and other
22 critical procedural rules . . . ." Id. at 2386.
23   Receipt of the decision to screen out plaintiff's appeal did not constitute exhaustion and
24 thereby relieve plaintiff of his obligation to follow the proper procedure.  Pursuant the Supreme
25 Court's decision in Ngo, the Court finds that plaintiff failed to exhaust the administrative remedies
26 as mandated by section 1997e(a).
27   Further, plaintiff is required to exhaust prior to filing suit.  Plaintiff filed this action on
28 September 2, 2003, before his appeal was denied at the second level of review.  Thus, plaintiff's

3

attempts to pursue the appeal in November 2003 and March 2004, would not satisfy the exhaustion requirement in any event, as it occurred after suit was filed. <u>McKinney</u>, 311 F.3d at 1199-1201.

D. <u>Conclusion</u>

For the foregoing reasons, the Court finds that plaintiff did not exhaust the available administrative remedies. Accordingly, the Court HEREBY RECOMMENDS that defendants' unenumerated Rule 12(b) motion, filed February 20, 2007, be GRANTED, and this action be dismissed, without prejudice, based on plaintiff's failure to exhaust the available administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). On or before June 20, 2007, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 21, 2007**                    **/s/ Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE