UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY D. KING,<br><br>            Plaintiff,<br><br>vs.<br><br>CDC, Et al.,<br><br>            Defendants.<br>_____/ | 1:03-cv-06182-AWI-DLB PC<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANT'S MOTION TO DISMISS, AND DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST**<br><br>(Docs. 24 and 33) |

    Plaintiff Larry D. King ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

    On May 22, 1007, the Magistrate Judge filed a Findings and Recommendations that recommended Defendants' motion to dismiss be granted and the complaint be dismissed for Plaintiff's failure to exhaust administrative remedies prior to suit.  The Findings and Recommendations were served on the parties and contained notice to the parties that any objections to the Findings and

1

1  Recommendations were to be filed by June 20, 2007.  On June 5,
2  2007, Plaintiff filed objections.
3       In accordance with the provisions of 28 U.S.C. §
4  636(b)(1)(C) and Local Rule 73-305, this Court has conducted a <u>de
5  novo</u> review of this case.  Having carefully reviewed the entire
6  file, the Court finds the Findings and Recommendations to be
7  supported by the record and by proper analysis.
8       As explained by the Magistrate Judge, the Prison Litigation
9  Reform Act of 1995 provides that "[n]o action shall be brought
10 with respect to prison conditions under [42 U.S.C § 1983], or any
11 other Federal law, by a prisoner confined in any jail, prison, or
12 other correctional facility until such administrative remedies as
13 are available are exhausted." 42 U.S,C § 1997e(a).   Here,
14 Defendant contends Plaintiff failed to exhaust administrative
15 remedies.  Plaintiff maintains in his objections, as he did in
16 his opposition to Defendant's motion, that his last appeal was
17 improperly rejected as being untimely.  Plaintiff argues he was
18 unable to file a timely director's level appeal because he was
19 moved to a new prison and there was a delay in receiving the
20 second level denial.
21      It is unnecessary to determine if the director's level
22 appeal was improperly rejected or if an improper rejection even
23 satisfies the exhaustion requirement.  The evidence before the
24 court reveals that Plaintiff did not file the direction's level
25 appeal until ***after*** he filed this lawsuit. Any doubt about whether
26 it was sufficient for a prisoner to exhaust during the pendency
27 of the suit ended with the decision in <u>McKinney v. Carey</u>, 311
28 F.3d 1198 (9th Cir. 2002). In <u>McKinney</u>, the court joined eight

other circuits in ruling that a district court must dismiss an action involving prison conditions when the prisoner did not exhaust his administrative remedies before filing suit. McKinney, 311 F.3d at 1199.  Plaintiff filed this action on September 2, 2003.  Plaintiff did not file his director's level appeal until October 5, 2003.  Thus, even if the Court agreed that the director's level rejection of the appeal as being untimely completed the exhaustion requirement, Plaintiff's filing of this action before the director's level appeal was filed and denied was improper.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed May 22, 2007, is ADOPTED IN FULL;
2. Defendant's motion to dismiss, filed March 5, 2007, is GRANTED; and,
3. This action is DISMISSED, without prejudice, based on plaintiff's failure to exhaust.

IT IS SO ORDERED.

**Dated:   August 4, 2007**           **/s/ Anthony W. Ishii**
                                      UNITED STATES DISTRICT JUDGE

3